**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JOHNNY S. PHILLIPS, ) | CASE NO.1:12CR0364 |
| ) | 1:14CV1496 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | OPINION AND ORDER |
| ) | |
| Respondent. ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #238). Petitioner contends that his counsel provided ineffective assistance. The Government filed a Response in Opposition to Petitioner's Motion (ECF#240). For the following reasons, the Court denies Petitioner's Petition.

## **FACTS**

On August 1, 2012, an Indictment was filed charging Petitioner and eleven other defendants with numerous drug trafficking charges. On October 7, 2013, Petitioner

1

executed a written Plea Agreement and pleaded guilty to Count One of the Indictment, Conspiracy to Distribute and Possess with Intent to Distribute at least five kilograms or more of a mixture or substance containing a detectable amount of cocaine and at least twenty-eight grams or more of a mixture or substance containing a detectable amount of cocaine base. Petitioner was sentenced on January 9, 2014, to one hundred twenty months incarceration followed by five years of Supervised Release.

On July 8, 2014, Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence, asserting one Ground for Relief alleging ineffective assistance of counsel because his counsel failed to challenge the assessment of his Criminal History points.

## **STANDARD OF REVIEW**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. '" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## **ANALYSIS**

Petitioner contends that he was denied effective assistance of counsel. To make an ineffective assistance of counsel claim, the petitioner must demonstrate both inadequate performance by counsel and prejudice resulting from that inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. Indeed, under the test set forth in *Strickland,* the defendant must establish deficient performance and prejudice:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

In this case, Petitioner argues that his counsel's performance was deficient because he failed to object to the imposition of three Criminal History points for his two misdemeanor convictions for Driving Under the Influence and one misdemeanor conviction for Domestic Violence. The Government asserts that these convictions were

3

properly assessed three Criminal History points.

In his Traverse in Response to Government's Opposition to Petitioner's Motion to Vacate, Petitioner concedes in part that misdemeanor convictions for Driving Under the Influence are always counted as a prior conviction, but challenges one of his prior convictions. Petitioner contends that the later conviction for DUI was not final at the time of the arrest on this case and should not have been counted. The Court agrees with the Government that all convictions for DUI are counted, pursuant to the United States Sentencing Guidelines. Therefore, those points were properly assessed.

The Government asserts that convictions for Domestic Violence are also counted regardless of sentence, because Domestic Violence is not included in the list of offenses subject to the exception described at U.S.S.G. § 4A1.2(c)(1), and is not similar to one of the listed offenses in the exceptions. *See United States v. Anderson*, 8 Fed.Appx. 206, 208 (4th Cir. 2001) ("Because criminal domestic violence is not a listed excludable offense and is not similar to the listed offenses in that it is a violent offense, we find that the district court did not err in finding that Anderson's fines for his prior domestic violence convictions were not excludable under § 4A1.2(c)(1).").

The Court agrees that the points assessed for the Driving Under the Influence and Domestic Violence offenses were properly counted. Therefore, there was no legal basis for an objection. The Court finds that counsel's performance is not deficient for failing to put forth a baseless objection. In this case, Petitioner has failed to offer anything to support his claim that he received ineffective assistance from counsel. Petitioner has not demonstrated that his counsel's representation was objectively unreasonable. The Court

4

finds Petitioner has not met his burden under *Strickland v. Washington*, 466 U.S. 668 (1984).

Therefore, for the foregoing reasons Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since the Court has determined Petitioner's claims in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing that he was denied any constitutional right. Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

September 26, 2014          s/Christopher A. Boyko
Date                              CHRISTOPHER A. BOYKO
                                      United States District Judge